UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| SCOTT PROUTY, <br><br> Petitioner, <br><br> v. <br><br> RANDALL HEPP, <br><br> Respondent. | Case No. 22-CV-779-JPS <br><br><br> **ORDER** |

On July 7, 2022, Petitioner Scott Prouty ("Petitioner") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. He also filed a motion for leave to proceed in forma pauperis, ECF No. 2; motions for appointment of counsel, ECF No. 6, 10; and a motion to waive the filing requirement of a six-month trust account statement, ECF No. 8.

On January 19, 2023, the Court entered an order explaining that it could not "properly evaluate Petitioner's motion to proceed in forma pauperis without the benefit of a complete trust account statement." ECF No. 16 at 2. The Court reiterated that the filing of a six-month trust account statement was "what the Prison Litigation Reform Act requires" and granted Petitioner additional time within which to either pay the $5 filing fee or submit his six-month trust account statement. *Id.* at 2–3. "Only upon successful completion of one of those alternatives," the Court wrote, could it "address Petitioner's motion to proceed in forma pauperis and related motions." *Id.* at 3.

The period within which the Court granted Petitioner time to complete one of those alternatives has passed. Petitioner has neither paid the filing fee nor filed his six-month trust account statement. Nor has

Petitioner filed any request for an extension of time or other filing explaining his delay. Accordingly, the Court will dismiss this case for failure to prosecute. *See, e.g.,* Civ. L.R. 41(c) ("Whenever it appears to the Court that the plaintiff is not diligently prosecuting the action, the Court may enter an order of dismissal with or without prejudice."); *James v. McDonald's Corp.*, 417 F.3d 672, 681 (7th Cir. 2005) (noting that when a party seeks the assistance of the judicial system by filing a lawsuit, he can't just decide for himself when to press the action or when to take a break). A district court may, and often should, dismiss a case for failure to prosecute in order to achieve the orderly disposition of its cases. *See Link v. Wabash R. Co.,* 370 U.S. 626, 630–31 (1962).

Accordingly,

**IT IS ORDERED** that Petitioner's motion for leave to proceed without prepayment of the filing fee, ECF No. 2, be and the same is hereby **DENIED as moot**;

**IT IS FURTHER ORDERED** that Petitioner's motions to appoint counsel, ECF Nos. 6 and 10, be and the same are hereby **DENIED as moot**; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED without prejudice** for Petitioner's failure to prosecute.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 27th day of February, 2023.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

Page 2 of 2
Case 2:22-cv-00779-JPS   Filed 02/27/23   Page 2 of 2   Document 17